UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBBIE A. BABER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00025-JMS-MKK |
| | ) |
| WRIGHT Sgt., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, DISMISSING ACTION WITHOUT PREJUDICE, AND DIRECTING ENTRY OF FINAL JUDGMENT**

This lawsuit is based on Robbie Baber's allegations that Sergeant Wright physically abused him at the Knox County Jail. Sergeant Wright has asserted the affirmative defense that Mr. Baber failed to exhaust available administrative remedies before filing suit, and he seeks summary judgment on that basis.

Mr. Baber concedes that he did not utilize the Jail's grievance process, and he has not presented evidence to support his general assertion that the process was unavailable because he feared retaliation. Therefore, Sergeant Wright's motion is granted, and this action is dismissed without prejudice.

# I.
# Standard of Review

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is required to consider only the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

## II.
## Prison Litigation Reform Act and Exhaustion of Administrative Remedies

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Sys., Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). In this case, the substantive law is the Prison Litigation Reform Act (PLRA), which requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion

2

requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," the defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Baber] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

### III.
### Facts

The material facts are few. They are straightforward and undisputed.

The Jail maintained a grievance procedure "to provide for resolution of [inmates'] grievances in a timely and orderly fashion." Dkt. 65-1 at 5–6. Inmates could submit grievances electronically or using paper forms. *Id.* at 1–2. Nothing in the record indicates that Sergeant Wright's alleged uses of force were inappropriate subjects for the grievance procedure.

After Sergeant Wright asserted the exhaustion defense, but before he moved for summary judgment, Mr. Baber filed a motion requesting an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Dkt. 61. Mr. Baber's one-sentence motion concedes that he did not attempt to address Sergeant Wright's conduct through the grievance procedure but claims his inaction was justified by "fear of retaliation and/or lack of legal understanding." *Id.* at 1.

Sergeant Wright's summary judgment motion includes evidence that Mr. Baber utilized the grievance procedure in other situations. *See* dkt. 65-1 at 7 (regarding commissary), 9–10 (requesting contact information for ACLU), 11 (regarding kiosk access). Sergeant Wright notes Mr. Baber's admission that he never attempted submit grievances regarding the alleged uses of force. Dkt. 66 at 6–7. Sergeant Wright contends that Mr. Baber's "claimed fear of retaliation is insufficient to show the grievance procedure was unavailable." *Id.* at 7. Sergeant Wright further argues that Mr. Baber's other grievances contradict any claim that he did not understand how to use the grievance procedure and that, in any event, his misunderstanding would not excuse his failure to exhaust. *Id.*

Sergeant Wright notified Mr. Baber of his obligation to respond to the summary judgment motion and to support his position with admissible evidence. *See* dkt. 67.

Mr. Baber filed a two-page response to Sergeant Wright's motion. Dkt. 72. He did not verify his response under penalty of perjury or attach an affidavit or other evidence. Mr. Baber states that he feared that Sergeant Wright would learn of any grievance he filed and retaliate against him. *Id.* He supports this statement by citing Sergeant Wright's designated evidence that the shift sergeant is responsible for reviewing any grievances and passing any grievances regarding his own conduct to his commanding officer. *Id.* at 1 (citing dkt. 65-1 at 2).

4

## IV.
## Analysis

There is no dispute that the Jail offered administrative remedies or that Mr. Baber failed to raise his allegations against Sergeant Wright in the Jail's administrative remedy program. The only material question is whether the procedure was available to Mr. Baber. More specifically, the Court must determine whether Mr. Baber's unsworn statement that he feared retaliation if he used the grievance procedure creates a material factual dispute over its availability.

The Seventh Circuit answered this question in *Schultz v. Pugh*, 728 F.3d 619 (7th Cir. 2013). *Schultz* reviewed courts' varying approaches to the question of what a plaintiff must show to demonstrate "unavailability of prison remedies on grounds of intimidation." *Id.* at 620. Under any approach, the Court held, the plaintiff must present "evidence to substantiate" the assertion "that he was deterred from filing the grievance by 'fear of reprisal.'" *Id.* "Without some specification of what the plaintiff's fear was based on, the defendants could not prepare a response." *Id.* If the plaintiff does not specifically articulate the basis for his fear and support it with evidence, summary judgment for the defendant is appropriate. *Id.* (citing *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)).

Sergeant Wright moved for summary judgment and established beyond dispute that Mr. Baber did not use the Jail's grievance procedure. He notified Mr. Baber of his obligation to respond and support factual assertions with admissible evidence. Mr. Baber did not offer any "specification of what" his fear of retaliation "was based on," beyond observing as a matter of policy that Sergeant Wright or one of his colleagues would read his grievance. *Schultz*, 720 F.3d at 620. He offered no indication that Sergeant Wright threatened retaliation, that he retaliated against inmates for filing grievances in the past, or any other specification to which Sergeant Wright could realistically respond. And, even if Mr. Baber's broad statements could

5

satisfy *Schultz*'s demand for specificity, he failed to verify them under penalty of perjury, set them out in an affidavit, or otherwise meet his obligation to support his allegations with "evidence to substantiate" his claim. *Id.*[1]

In short, Sergeant Wright carried his burden at summary judgment, and Mr. Baber failed to carry his burden of responding with a specific claim of unavailability supported by evidence. Sergeant Wright is entitled to summary judgment.

## V.
## Conclusion

Sergeant Wright's motion for summary judgment, dkt. [65], is **granted**. This action is **dismissed without prejudice**. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("*all* dismissals under § 1997e(a) should be without prejudice.). The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 9/28/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBBIE A. BABER
208629
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

---

[1] "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Rosemary L. Borek
Knight Hoppe Kurnik & Knight, LTD
rborek@khkklaw.com

James S. Stephenson
Knight Hoppe Kurnik & Knight, LTD
jstephenson@khkklaw.com